**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21987-LEIBOWITZ**

**RICARDO GONZALEZ ALMEIDA**,

    *Petitioner,*

*v.*

**WARDEN, KROME NORTH SERVICE**
**PROCESSING CENTER,**

    *Respondent.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on Respondent's Response to Order to Show Cause [ECF No. 7], filed on April 10, 2026.  The Respondent has argued that the Petition must be denied because, *inter alia*, Petitioner is detained under 8 U.S.C. § 1231(a)(6).  The Court agrees with Respondent that Petitioner is not entitled to a bond hearing or release from detention.

## I.      BACKGROUND

On March 24, 2026, *pro se* Petitioner Ricardo Gonzalez Almeida ("Petitioner") filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  [ECF No. 1].  Petitioner is a native and citizen of Cuba.  [ECF No. 7-1 at 2].  Petitioner has an extensive criminal record over the past thirty years.  [ECF No. 7 at 2–4].  On July 19, 1990, legacy Immigration and Naturalization Service ("INS") officers encountered Petitioner at a correctional facility in Wrightstown, New Jersey, where he was serving a four-year sentence for distribution of a controlled dangerous substance and violation of probation.  [ECF No. 7-1 at 2].  On October 11, 1996, the legacy INS placed Petitioner into exclusion proceedings by issuing a Notice to Applicant for Admission Detained for Hearing before Immigration Judge.  [ECF No. 7-2].  On May 23, 1997, an Immigration Judge ordered Petitioner excluded from the United States.  [ECF No. 7-6 at 2].

On October 31, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") took Petitioner into custody. [ECF No. 7-8 at 3]. On November 1, 2025, ICE ERO revoked Petitioner's Order of Supervision because ICE ERO determined there was a significant likelihood of removal in the reasonably foreseeable future in Petitioner's case. [ECF No. 7-9 at 2]. ICE ERO conducted an informal interview with Petitioner on that same date regarding the reason for the revocation of his Order of Supervision and to afford Petitioner an opportunity to respond to those reasons. [ECF No. 7-11 ¶ 46]. On December 12, 2025, Petitioner was served a Notice of Removal to Mexico, which Petitioner refused to sign. [ECF No. 7-10 at 2]. On March 30, 2026, ICE ERO attempted to remove Petitioner to Mexico, but could not effectuate the removal. [ECF No. 7-11 ¶ 49]. Petitioner is currently detained at the Krome North Service Processing Center in Miami, Florida. [ECF No. 7-3 at 1].

## II.       LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.       DISCUSSION

Petitioner moves for habeas relief and argues his detention is unlawful, citing *Zadvydas* from the Supreme Court. [ECF No. 1 ¶ 13]. But Petitioner challenges a post-removal detention order, which calls for a specific period of detention before seeking relief under established principles of this Circuit. For the reasons stated, Petitioner's request is premature and must be denied.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8

2

U.S.C. § 1231(a).  When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period."  *Id.* Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period.  *See Zadvydas*, 533 U.S. at 699–701.  But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns."  *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).  "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation."  *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future."  *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner was ordered removed in March 1997, so this challenge is governed by *Zadvydas.*  [*See* ECF No. 7-6 at 2].  However, Petitioner was detained beginning on October 31, 2025, [ECF No. 1 ¶ 11(a); ECF No. 7-8 at 3], and the instant Petition was filed on March 24, 2026.  [ECF No. 1].  As such, his detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness.  Petitioner's request is premature.  *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition [**ECF No. 1**] is **DENIED**.

2.  The *Clerk* is **DIRECTED** to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

3.  The *Clerk* is *further* **DIRECTED** to mail a copy of this Order to Petitioner.


**DONE AND ORDERED** in the Southern District of Florida on May 13, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**


cc:     counsel of record
        Ricardo Gonzalez Almeida, *Pro Se*
        A# 022-798-846
        Krome Service Processing Center
        Inmate Mail/Parcels
        18201 SW 12th Street
        Miami, FL 33194